### E. R. EVERETT v. H. ANDREWS ET AL.

#### Decided December 19, 1900.

1. **Intervention—Parties.**

The city marshal and the city enforcing an ordinance against animals running at large in its limits were proper though not necessary parties in a suit brought by the owner of a hog impounded by the marshal, against the proprietor of the premises used as a city pound, for conversion of his property by so impounding it; and no error was committed in refusing to strike out their plea of intervention asserting the rights of the city and its authorities.

2. **City Ordinance—Impounding Stock—Constitutional Law.**

A city ordinance providing for the impounding and sale of stock running at large, on due notice, with opportunity for the owner to first retake his property for a reasonable fee or to receive the net proceeds of the sale on proof of ownership, does not deprive such owner of his property without due process of law.

APPEAL from the County Court of Bell. Tried below before Hon. D. R. PENDLETON.

The assignments overruled without discussion related to the admission of oral evidence to prove that an arrangement was made by the city with Andrews for the use of his premises as a pound, also to prove that the person placing the hogs in pound was a deputy marshal, and further asserted that the power granted to impound stock "running at large" did not embrace animals at large without the owner's consent.

*W. D. Jennings* and *W. K. Saunders*, for appellant.

*J. B. McMahon*, for appellees.

KEY, ASSOCIATE JUSTICE.—This suit is one of the results of the enforcement of an ordinance passed by the city of Belton, prohibiting hogs from running at large within the corporate limits of that municipality. The ordinance makes it the duty of the city marshal to impound such hogs, and, after posting written notice thereof at three places in the city, to sell the hogs, unless in the meantime they are redeemed by the owner. The deputy marshal, who had the same authority that the marshal had, found appellant's hogs running at large in the city and placed them in a pen belonging to appellee Andrews. The marshal had made a contract with Andrews for the use of this pen for impounding hogs.

Appellant refused to pay the pound fees and brought a sequestration

suit against Andrews for the hogs. Andrews replevied the property. The city marshal filed a plea of intervention which was objected to by the plaintiff, and the justice of the peace before whom the suit was then pending, of his own motion, made the city of Belton a party defendant, to which the plaintiff also objected.

The case finally reached the County Court where, upon trial, judgment was rendered for the defendants and the plaintiff has appealed. In the County Court the city of Belton and the marshal filed an answer assigning reasons why the plaintiff should not recover, and showing the interest they had in the subject matter of the litigation. This answer the plaintiff moved to strike out, and the failure of the court to sustain this motion is assigned as error.

While they may not have been necessary parties, we think the city of Belton and the marshal were proper parties, and no error was committed in permitting them to litigate as defendants. This court has heretofore ruled that a similar ordinance prohibiting live stock from running at large was valid and free from constitutional objection. City of Paris v. Hale, 13 Texas Civ. App., 386,

As to the details of the trial, we do not think any error was committed in the matters complained of in appellant's brief; and without further discussion, we overrule all the assignments of error and affirm the judgment.

*Affirmed.*