**ROBERTSON et al. v. LEE et al.  (No. 9161.)**

(Court of Civil Appeals of Texas.  Dallas. Nov. 8, 1924.  Rehearing Denied Dec. 13, 1924.)

Trespass to try title ⬥⟿48—Writ of possession held to sufficiently describe land.

In suit to remove cloud on title and to enjoin execution of writ of possession against land claimed by plaintiff, where description of land in petition and in writ of possession were the same, except that writ described it as west 16 feet of lot 12 and east 44 feet of lot 13, whereas petition alleged it to be north 16 feet and south 44 feet, *held* that writ sufficiently described land so as to identify it as that claimed by plaintiff; words "east" and "west" being rejected as descriptive words.

Appeal from District Court, Dallas County; Kenneth Foree, Judge.

Suit by Wm. F. Robertson and others against W. B. Lee and others. From judgment for defendants, plaintiffs appeal. Affirmed.

Bailey, Nickels & Bailey, of Dallas, for appellants.

Burgess, Burgess, Sadler, Chrestman & Brundidge, of Dallas, for appellees.

JONES, C. J.  Appellants Wm. F. Robertson and his wife, Annie D. Robertson, filed this suit in a district court in Dallas county against appellees W. B. Lee, Alexander Sanger, Cornelia Sanger, Mrs. Samuel Sanger, a feme sole, Asher Sanger, Chas. L. Sanger, Isaac Sanger, and Mrs. A. P. Godshaw, a feme sole, and against Sanger Bros., a firm composed of some or all of the above-named Sangers, and against Dan Harston as sheriff of Dallas county.

The purpose of this suit, as reflected by appellants' petition, was to secure an injunction perpetually restraining appellant Harston, as sheriff of Dallas county, from the execution of a writ of possession issued by virtue of a judgment for title and possession of a certain described parcel of land obtained by the other appellees in the same district court in Dallas county against appellants. The writ of possession directed and commanded the said sheriff to put appellees in possession of the land as described in the judgment on which the said writ of possession was issued.  Said writ described the land as follows:

"That certain tract or parcel of land situated in the city and county of Dallas, state of Texas, being the west 16 feet of lot No. 12 and the east 44 feet of lot No. 13 in block J of Munger Place, an addition to the city of Dallas, said block known as block 688 according to the official map of the city of Dallas, said property known as 5118 Worth street."

Appellants allege, in effect, in their petition for the injunction that the land described in the writ of possession, and in the judgment on which the writ of possession was issued, cannot be identified as the land now in their possession and on which they are living as their homestead; or, in the alternative, that only a very small portion of the land that is now in their possession can be brought within such description; that lots 12 and 13 in said block of said addition front on Worth street, and that the side boundary lines of each of said lots extend back at right angles to Worth street a distance of 142½ feet to an alley; that Worth street extends at an angle of 45 degrees with the north and south points of the compass, and that the boundary lines of said lots form a rectangle, in which the lines run at an angle of 45 degrees, and that therefore there is no "west 16 feet" of lot 12, or "east 44 feet" of lot 13, extending from Worth street to the full depth of the lots; that the land they claim, and of which they are sought to be dispossessed by the sheriff, is parts of lots Nos. 12 and 13 in block J of Munger Place, an addition to the city of Dallas, said block J being also known as block 688 according to the official map of said city, and is described as follows:

"Bounded on the northwest of Worth street; bounded on the southwest by the southwest line of said lot No. 12; bounded on the northeast by a line drawn at right angles with said Worth street and parallel with said southwest line

─────────
⬥⟿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

of said lot and sixteen feet distant from said southwest line of said lot; and bounded on the southeast by the alley running parallel with said Worth street and distant 142½ feet from said street.

"That portion of lot No. 13 of said block J of said Munger Place bounded as follows: On the northwest by said Worth street; on the northeast by the southwest line of the above mentioned lot No. 12, said line being also the northeast line of said lot 13; on the southwest by a line drawn at right angles to said Worth street and parallel with, and 43½ feet distant (southwestward) from said northeast line of said lot 13; and on the southeast by the alley above mentioned running parallel with said Worth street and 142½ feet (southeastward) from said street."

Appellants further allege that the land described in the writ of possession is not known as 5118 Worth street, but their petition contains no allegation that the land described by them as the land they claim is not known as 5118 Worth street, and the inference from their allegations is that said land claimed by them is 5118 Worth street. They further allege that the land described in the writ of possession, when such description is applied to lots 12 and 13 as said lots actually lie, would only include a small portion of lot 12 bordering on Worth street and a small portion of lot 13 bordering on the alley running in the rear of lots 12 and 13.

It will be noted that the only difference between the description of the property claimed by appellants and the description described in the writ of possession is that, in the writ of possession, the 16 feet off of lot No. 12 is designated as the "west 16 feet" of said lot, and that the 44 feet off of lot No. 13 is designated as the "east 44 feet" of said lot, both together being known as 5118 Worth street; that their 16 feet off of lot No. 12 is the northwest 16 feet of said lot, and that their 43½ feet off of lot No. 13 is the southwest 43½ feet thereof.

The court sustained a general demurrer and three special exceptions, each having the effect of a general demurrer, to appellants' petition. Appellants did not request leave to amend their petition, and final judgment was entered on the demurrers in favor of appellees. The effect of the special exceptions is that the description of the land in the petition designated in the writ of possession is sufficient to identify it as the land appellants allege they own.

Appellants have duly perfected their appeal to this court, and have duly presented their contention under assignments of error and appropriate propositions of law. These propositions and assignments will not be discussed separately, as they all relate to the question of whether or not appellants' petition shows that the land described in the writ of possession can be identified as the land against which the said sheriff is threatening to execute the said writ and which appellants allege they own.

Can the land in the possession of appellants be identified as the land described and designated in the writ of possession? Both descriptions state that the land is located in block J of Munger Place, an addition to the city of Dallas, and that said block J is also known as block 688 according to the official map of said city. Both descriptions also state that lots 12 and 13 are in said block, and the description in the writ of possession shows that both of said lots front on Worth street and adjoin each other. The diagram accompanying the petition as an exhibit shows that said lots 12 and 13 front on Worth street and adjoin each other. The description in the writ of possession calls for 16 feet of lot 12 and 44 feet of lot 13, and that the designated portions of lots 12 and 13 is called No. 5118 Worth street. This clearly shows that the 16 feet off of lot 12 named in the writ of possession must be the 16 feet off of the side of said lot that adjoins lot 13, and that the 44 feet off of lot 13 must be the 44 feet off of the side of lot 13 that adjoins lot 12. For, otherwise, the two portions of said lots could not constitute No. 5118 Worth street. It is, however, claimed by appellants that we cannot thus locate the two portions of said lots as those portions of said lots called for in the writ of possession, for the reason that the 16 feet off of lot 12 is described in said writ as the "west 16 feet" of lot 12, and the 44 feet off of lot 13 is described as the "east 44 feet" of said lot; that the other facts and circumstances above stated, indicating the property described in the writ of possession, must give way to the words "west" and "east." We do not think so, for the reason that it clearly appears from these facts and circumstances that the terms "west" and "east" were either loosely used or erroneously used, and, this clearly appearing, it is the duty of the court to reject same as descriptive words. Berry, Adm'r, v. Wright, 14 Tex. 270; Peterson et al. v. Ward et al., 5 Tex. Civ. App. 208, 23 S. W. 637; Everett v. Andrews, 24 Tex. Civ. App. 578, 59 S. W. 917; League v. Scott et al., 25 Tex. Civ. App. 318, 61 S. W. 521; Arambula v. Sullivan, 80 Tex. 619, 16 S. W. 436; Macmanus v. Orkney, 91 Tex. 27, 40 S. W. 715.

It is therefore the opinion of the court that the sheriff to whom was delivered the writ of possession should execute it by dispossessing plaintiffs from the land claimed by them, and that all of appellants' assignments of error should be overruled and the judgment of the lower court affirmed.

Affirmed.

### On Motion for Rehearing.

Our attention has been called in a motion for rehearing to the fact that our original opinion neglected to state that this suit was for the purpose of removing a cloud to the

title of the land described in appellants' petition cast by the judgment that had been rendered in favor of appellees and against appellants, as well as the relief by injunction as stated in the original opinion. The description in the judgment of the land recovered by appellees in their suit against appellants is the same as the description of the land in the writ of possession served by the sheriff, and this omission in no way affects the disposition of this cause.

In view of the earnest insistence by appellants in an able motion for rehearing that error was committed in the original opinion in holding that the land described in plaintiffs' petition, and claimed by plaintiffs, was the land recovered by appellees in their judgment, we have again carefully gone over all questions raised, with the result that we have reached the same conclusion.