### LADD v. COLEMAN et al. (No. 7596.)

(Court of Civil Appeals of Texas. San Antonio. June 9, 1926. Rehearing Denied June 23, 1926.)

**1. Judgment ⟨key⟩143(11)—Defendants held not entitled to have default judgment set aside because their attorneys were not present at trial on day after plea in abatement was overruled, where no fraud was alleged.**

Defendants *held* not entitled to have default judgment against them set aside because their attorneys were not present at trial on day after plea in abatement was overruled, to which ruling they had excepted and given notice of appeal, where no fraud was alleged, notwithstanding they averred they did not know trial would be held and were attempting to compromise, since court had right to assume that they were relying on plea in abatement.

**2. Pleading ⟨key⟩110—Plea in abatement held waived and abandoned at end of term at which it was filed.**

Plea in abatement *held* waived and abandoned at end of term at which it was filed, where nothing was shown as to why it was not called for disposition at such term.

**3. Appeal and error ⟨key⟩931(1).**

Every presumption will be indulged in favor of trial court's judgment.

Appeal from District Court, Cameron County; A. M. Kent, Judge.

---

⟨key⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Suit by Robert Julian Coleman and others against Charles F. C. Ladd and others. Judgment for plaintiffs, and the named defendant appeals. Affirmed.

Rentfro & Cole and Harbert Davenport, all of Brownsville, for appellant.

Thompson, Knight, Baker & Harris, of Dallas, and Graham & Graham, of Brownsville, for appellees.

COBBS, J. This suit was instituted April 30, 1925, by appellees Robert Julian Coleman, William Andrew Briggs, and Emory Harold Briggs, each in his own behalf, and "on behalf as well of Texas Title & Loan Company," a Texas corporation, against William F. Zumbrunn and appellant as individuals, and against Farm Mortgage & Loan Company, a Missouri corporation, Farm Mortgage & Loan Company, as a common-law trust, or joint-stock association, of which W. F. Zumbrunn, E. R. King, and H. J. Miller were alleged to be trustees, and against W. F. Zumbrunn, E. R. King, and H. J. Miller, as partners doing business under the firm name and style of Farm Mortgage & Loan Company.

Plaintiffs' original petition consists of 134 typewritten pages, most of which, fortunately, need not be considered on this appeal. In effect, it is a suit for an accounting for the proceeds of certain land, title to which was placed by appellees in W. F. Zumbrunn, as trustee, to be sold by appellant under the terms of various agreements between Zumbrunn, appellees, and appellant.

Personal service was had on appellant, who answered at the July, 1925, term of the district court of Cameron county, with a plea in abatement, by which he sought to abate this suit on the ground that an identical suit was then pending in the United States District Court for the Southern District of Texas, Brownsville Division, being cause No. 163 in equity, in that court. Service not having been had on the other defendants for said July, 1925, term of the district court of Cameron county, Tex., the case was, on July 21, 1925, the appearance day for said term, continued for service on such other defendants, and no action was had on appellant's plea in abatement.

Service was had on such other defendants (except H. J. Miller) by nonresident notice, served without the state of Texas, prior to the first day of the ensuing September term of the court. No orders appear to have been made in this cause upon the call by the court of its appearance docket for that term, but a week later, on Tuesday, September 29, 1925, the court, at the request of appellees' counsel, entered a judgment by default against all defendants, except that no judgment was rendered against the defendant H. J. Miller as an individual; and said default judgment recited that appellant had been duly and legally cited and served on June 11, 1925, with a legal citation to appear and answer herein on the merits of this cause, on or before the appearance day of the September term of this court, that he had wholly failed to do so, but that he did, on July 1, 1925, file a plea in abatement, and that the default judgment as against appellant was made "in all respects subject to all such rights, if any, as he may have under and by virtue of his having so filed his said plea in abatement"; and the default judgment further recited that—

"Opportunity will be afforded the defendant Charles F. C. Ladd to be heard on his plea in abatement, and the opportunity will at the same time be afforded to plaintiffs to introduce such evidence as may be necessary to furnish a proper predicate, or support, for such final judgment as the pleading and proof may warrant."

The defendants filed no answer, but filed a plea to abate the suit because of the filing of a similar suit in the federal court, which the court heard, on full argument from both sides, and overruled on November 12, 1925, and thereupon made the following orders:

"It is also, therefore, the further opinion and judgment of this court that plaintiffs are entitled to a default judgment and they are here now granted a default judgment against said defendant Charles F. C. Ladd in the several capacities in which he is herein sued, as to all rights asserted against him in plaintiffs' said original petition filed herein on April 30, A. D. 1925; but this default judgment as against said defendant Charles F. C. Ladd is in all respects subject to all such rights, if any, as he may have, under and by virtue of his having so filed herein his said plea of abatement on July 21, 1925.

"As a matter of convenience to the court, on account of the other duties now consuming its time, the opportunity will be afforded the defendant Charles F. C. Ladd to be heard on his said plea in abatement, and the opportunity will at the same time be afforded the plaintiffs to introduce such evidence as may be necessary to furnish a proper predicate or support for such final judgment as the pleading and proof so offered may warrant, and on which hearings this court will render herein such final judgment as the law and the facts then warrant. * * *

"In open court on this day (November 12, 1925) came on to be regularly heard the above and foregoing cause, at which time the plaintiffs appeared by their attorneys of record James A. Graham and William Thompson, and the defendant Charles F. C. Ladd appeared by his attorneys of record Rentfro & Cole, through A. B. Cole of said firm, and also by and through C. K. Richards; then came on to be heard the plea in abatement of the defendant Charles F. C. Ladd, filed in this cause on July 21, 1925; and the court, having heard said plea and the evidence adduced in support of same, and having heard the argument in support of and against the plea in abatement, and being fully advised in the premises, is of the opinion that said plea is not in law well taken and that the same should be refused and denied.

"It is therefore the order, judgment, and decree of this court that the said plea in abate-

ment of the defendant Charles F. C. Ladd, filed in this court on the 21st day of July, 1925, be and the same is in all things denied and overruled; to which action of the court in denying said plea in abatement and overruling said plea, the said defendant Charles F. C. Ladd, in open court, excepted, and gave notice of an appeal to our Court of Civil Appeals for the Fourth Supreme Judicial District of the state of Texas.

"It is further ordered that this cause should pass until 9 o'clock to-morrow morning, for hearing on the evidence."

After argument was heard on the plea in abatement and the plea overruled, the case was passed until next morning for the taking of testimony, but, no counsel appearing for appellant, the court proceeded to trial, on November 12th, without a jury, and in open court on a full hearing the judgment was entered therein.

On November 16, 1925, appellant filed a motion for a rehearing to set aside the judgment. They undertake to excuse themselves for not filing an answer and appearing to contest the judgment, because there were negotiations in process for a settlement with opposing counsel; especially with Wm. Thompson, who was going to Dallas and revive the matter on his return. He set out his motion as grounds to relieve him of the negligence that:

"But for the agreement to settle and dispose of all the issues as between plaintiffs and this defendant, entered into by and between counsel for this defendant and William Thompson, of counsel for plaintiffs, as above stated, and, but for the understanding on the part of this defendant's counsel that such settlement would be effected on the return of said William Thompson from Brownsville to San Antonio in direct conference for this defendant, this defendant could and would have filed his answer, putting in issue all and singular the claims and demands asserted against him by plaintiff in their petition, and could and would, upon the trial of this case, have produced evidence to show that he did not owe plaintiffs the said sum of $58,132, in which amount personal judgment was rendered against him by this court on said 14th day of November, 1925.

"This defendant's said counsel were in Brownsville on said 14th day of November, 1925, but had no notice of or knowledge of the fact that this case would be or had been called for trial on that day, and by reason of said conference and agreement with said William Thompson, of plaintiffs' counsel, to settle the issues pending in said case as between plaintiffs and this defendant, as above stated, had no reason to believe and did not believe it was either necessary or proper for them to be present in this court on the said last day of its term, and on a day when no civil cases were set for trial, to prevent said judgment's being taken against him, or to otherwise protect his interests in said case.

"This defendant, on said last regular day of September term, and on a day when no civil cases were set for trial, and a day which is customarily set aside by this court for the hearing of motions and pleas incidental to business disposed of during the term of the court, and in the absence of this defendant and his counsel, and without their knowledge, and without notice to them that said cause was being called out of its regular order on the docket for its trial and disposition, and without defendant's having had an opportunity to appear in said cause and present his defenses, and while this defendant and his counsel were relying upon the agreement made by and between his counsel and William Thompson, of plaintiffs' counsel, to settle and adjust all differences as between plaintiffs and this defendant, amount, in fact, to denying this defendant his day in court, and to rendering a judgment against him without due, or any, process of law, and to denying him the equal protection of the laws, and to depriving him of his property without due process of the law in violation of the Constitution of Texas and of the United States."

Appellees answered this motion by saying:

"That, under the direction of the court, a date for a hearing on said plea in abatement and the introduction of evidence by the plaintiffs, necessary to support plaintiff's default judgment, was arranged by agreement between James A. Graham, acting for the plaintiffs, and the firm of Rentfro & Cole, acting for the defendant Ladd, which contemplated a hearing within about three days after September 29, 1925; but that, because of the court being engaged in other matters, and the inability of William Thompson, one of plaintiffs' counsel, to be present on the date set for such hearing, the hearing was postponed by agreement between James A. Graham, acting for plaintiffs, and the firm of Rentfro & Cole, acting for the defendant Charles F. C. Ladd, to such time as would suit the mutual convenience of all parties during the September term of this court.

"That thereafter, and during the first days of November, 1925, a hearing on said plea in abatement and the introduction of evidence by the plaintiffs in support of their default judgment was arranged with the court by plaintiffs' counsel for November 12, 1925, and Rentfro & Cole, attorneys for defendant Charles F. C. Ladd, were forthwith notified of such setting, and on November 12, 1925, in pursuance of said setting, said plea in abatement was taken up by the court for disposition in open court, at which hearing the firm of Rentfro & Cole, acting through A. B. Cole, and one C. K. Richards, appeared as attorneys for Charles F. C. Ladd, the defendant, and William Thompson and Graham & Graham, composed of James A. Graham and James S. Graham, appeared as attorneys for the plaintiffs, and all parties announced ready; whereupon hearing on said plea in abatement was had, and, after the court heard arguments thereon, the same was in all things overruled; whereupon the court announced that the evidence desired to be introduced by the plaintiffs in support of their default judgment would be heard on the following day, November 13, 1925, and on the said date said hearing was continued and evidence introduced by the plaintiffs, when said hearing was continued to and through November 14, 1925, until late in the evening, when the testimony was concluded and the court announced his conclusions in the form of a docket entry as a support for the judgment, and on which the judgment ap-

proved and entered by the court herein was prepared.

"That, while there was some discussion between Rentfro & Cole, acting for the defendant Charles F. C. Ladd, and William Thompson, acting for the plaintiffs, looking to a possible compromise or adjustment of the differences between the plaintiffs and Charles F. C. Ladd, some days before the hearing was had on the plea in abatement above referred to, William Thompson, acting for the plaintiffs, informed A. B. Cole of the firm of Rentfro & Cole, acting for the defendant Charles F. C. Ladd, in substance,· that no progress had been made looking to any compromise or adjustment; this information having been furnished by said Thompson to said Cole some four to five days before November 12, 1925, the date on which the hearing on the plea in abatement was had, and the introduction of testimony in support of plaintiffs' judgment by default was begun.

"That, during the progress of the hearing on said plea in abatement, it was contended by said attorneys of Charles F. C. Ladd that the plaintiffs should be required to elect whether or not they would proceed to trial as against Charles F. C. Ladd in this suit, or in another suit between the same parties then pending in the federal court; whereupon, in open court, William Thompson, acting for plaintiffs, declared that the plaintiffs were insisting upon prosecuting to a final trial this cause, thereby making such election, if election could be required.

"That, under the foregoing circumstances, said attorneys for Charles F. C. Ladd were bound to have known that further negotiations for a compromise or settlement between the plaintiffs and Charles F. C. Ladd could not be relied upon by said Ladd, or his attorneys.

"That, immediately after this court disposed of said plea in abatement, the defendant Charles F. C. Ladd, through his counsel, in open court, duly excepted to the action of the court in overruling and in not sustaining said plea in abatement, and gave notice of an appeal from said ruling to our Court of Civil Appeals at San Antonio, Tex., and failed and omitted to further appear in this cause under all the circumstances hereinabove set out." ·

We copy this motion and answer, both being sworn to, as more desirable in presenting the issues in this important controversy than we could do.

[1] Aside from this the court had other evidence before it and he was quite familiar with the facts and able to do justice. We do not think the facts stated excuse counsel. There is nothing to show any valid reason why they did not follow up the case after the court's ruling. The court and opposing counsel could very readily assume when counsel left the courtroom and did not return to go on with the ·trial then progressing or make further request for any other action that they were relying upon their plea in abatement filed, and would not try any other issues involved. •

We cannot perceive from anything shown in the record why appellant made no further gesture of further intention to defend on the merits of the case. We think counsel should have followed that case until the adjournment of the court, which was so near at hand. Green v. Green (Tex. Civ. App.) 235 S. W. 980.

This suit as to the cause of action asserted against appellant is the same as the suit pending in the federal court; the only difference between the two causes of action in the two suits is that there are additional parties defendant in this suit to those existing in the federal court, only appellant remained in the federal court, other parties are out on pleas. I. & G. N. Ry. v. Barton, 24 Tex. Civ. App. 122, 57 S. W. 292; Harby v. Patterson (Tex. Civ. App.) 59 S. W. 64; League v. Scott, 25 Tex. Civ. App. 318, 61 S. W. 521; Biard v. Tyler Ass'n (Tex. Civ. App.) 147 S. W. 1168; Pecos v. Porter (Tex. Civ. App.) 156 S. W. 267; Lewis v. Pitts (Tex. Civ. App.) 275 S. W. 473.

[2] The plea in abatement was filed to the July term and at the end of that term became waived and abandoned, and could not in any way have been sustained when presented at the November term of the court. Nothing is shown why it was not called for disposition to the court at the July term, such as having an order made by the court because of press of business or otherwise to reserve the right to a hearing at a succeeding term. Under the decisions of our courts, such a situation, as a matter of law, created a waiver.

It is held in Texas Packing Co. v. Railway Co. (Tex. Com. App.) 227 S. W. 1095, that such a plea on the adjournment of the term is to be regarded as waived and abandoned and is error for the court to consider it at a subsequent term. Harris Millinery Co. v. Melcher (Tex. Civ. App.) 142 S. W. 100.

Mr. Thompson had put counsel on specific and definite notice that he would try the case the first opportunity he could get. Yet he lived in Dallas and appellants' counsel lived in Brownsville, where the case was finally tried. Taking into consideration his distance from court and appellants' nearness, it is apparent that appellants can show little good reason why appellants permitted the appellee in the open court of Cameron county to get a hearing of the case on its merits, on a much sought after trial, long before the appellants learned what had happened in this race of diligence.

No fraud, deceit, nor unfair advantage is alleged to have been taken or fraud perpetrated and no arbitrary action or ruling shown on the part of the trial court; and the court committed no error in his ruling, for he heard testimony on the motion, pro and con. When the court overruled the plea, he announced he would hear testimony on the merits; and he did.

[3] There was no request for any findings of fact or conclusions of law made, and there was no statement of facts filed. The court made some findings in the decree, and every

presumption will be indulged in favor of the court's judgment; there was sufficient testimony to support the judgment.

The assignments and propositions are overruled, and the judgment is affirmed.