## J. C. LEAGUE v. W. T. SCOTT ET AL.

Decided February 23, 1901.

**1.—Deed—Description—Mistake—Reference to Patent.**

A deed describing the land conveyed as a "tract of land containing 640 acres, situated in Eastland County, and known as survey No. 480, patent No. 96, Southern Pacific R. R., reference being made to the patent for further description," is not void for uncertainty in the description, no other patent No. 96 ever having been issued to the Southern Pacific Railroad Company, although the true number of the survey covered by patent No. 96 is No. 473, and there is in Eastland County a Southern Pacific Railway Company Survey No. 480 (its patent number not appearing) which, along with all other even numbered railroad surveys, originally belonged to the public school fund, and therefore could not have been patented to the railroad company.

**2.—Judgment of Federal Court Not Domestic—Collateral Attack in State Court—Jurisdiction Over Person.**

A consent decree entered in the United States Circuit Court for the Eastern District of Texas, reciting that S., one of the defendants, appeared by T., his attorney, and consented to the decree, not being, as to the Texas State courts, a domestic judgment, may be collaterally attacked therein for want of jurisdiction over the person by showing that S. was not cited in the case, and never authorized T. to appear for him and consent to such decree.

Appeal from Eastland. Tried below before Hon. N. R. Lindsey.

*J. J. Butts,* for appellant.

*Looney & Hamner,* for appellees.

CONNER, CHIEF JUSTICE.—This is an appeal from a judgment in appellees' favor for a section of land in Eastland County. Both parties claim under W. T. Scott, Sr., as common source of title. Appellant's claim of title depends upon the effect to be given an amended decree of the Circuit Court of the United States for the Eastern District of Texas entered on February 18, 1889. This decree recited that appellee, W. T. Scott, who was therein sued as an heir of W. T. Scott, Sr., appeared by his attorney, James Turner, and consented to said decree which directed the sale of certain lands therein described, including the section involved in this suit. At the sale so directed appellant became the purchaser. Appellee claimed by deed from W. T. Scott, Sr., to James Turner, and from James Turner to Peter Youree, and by further mesne conveyances to himself,—all antedating said decree. The conveyance from Turner to Peter Youree described the land therein conveyed as "all that certain lot, tract, or parcel of land containing 640 acres, situated in Eastland County, Texas, and known as survey No. 480, patent No. 96, Southern Pacific R. R., reference being made to the patent for further description."

If this description does not render the deed from James Turner to Peter Youree void for uncertainty, it is, in effect, admitted that appellee was entitled to recover, unless barred by the decree mentioned; said decree having never been set aside or annulled in any proceeding having that end in view. The survey in controversy is survey No. 173 of the Southern Pacific Railroad Company surveys in said county, and is properly described in its patent number, which is 96. There is also a Southern Pacific Railroad Company survey No. 480 in said county, the patent number of which is not shown. We are of opinion that the uncertainty, or apparent uncertainty, of description thus presented is not such as to authorize us to declare the deed from James Turner to Peter Youree void. It is a familiar maxim that, "id certum est quod certum redi potest," and we think the reference to the patent for further description a reference to patent No. 96, and that such reference rendered certain the identity of the land intended to be conveyed. No other patent was referred to. No other patent of that number was ever issued to the Southern Pacific Railroad Company. It correctly described the land in controversy, which may possibly also have been known as survey No. 480, the contrary not affirmatively appearing from the record. Survey No. 480 was an even-numbered section that under the law became a part of the public free school fund, and could not have been patented to the Southern Pacific Railway Company. We, therefore, approve the ruling of the court in admitting said deed. See Cleveland v. Sims, 69 Texas, 153; Arambula v. Sullivan, 80 Texas, 615; Cartright v. Trueblood, 90

Texas, 535; Kenyon v. Knipe, 13 La. Rep. Ann., 143, and note; Cattle Co. v. Whitefort, 21 Texas Civ. App., 314.

On the second question presented appellee offered evidence to the effect that he was not cited in the proceeding in which said amended decree was rendered, nor was James Turner authorized to appear and answer for him, or to consent to such decree. This evidence is undisputed; but it is insisted that in a collateral proceeding, as this was, the decree is conclusive and that such evidence was inadmissible. It is held in some of the authorities that where the decree recites appearance by attorney merely, this fact may always be disputed. Black on Judg., sec. 272, 903; Freem. on Judg., sec. 499. In a number of States also, in exception to the general rule, it may always be shown that the court did not acquire jurisdiction over the person. See Black on Judg., sec. 275, and authorities cited, particularly the case of Ferguson v. Crawford, 70 N. Y., 253, where, in an able review of authorities, the court so concludes, on the ground that there law and equity, as with us, are both administered by the same court, and that in equity it might always be shown that the court never acquired jurisdiction over the person. See also Freem. on Judg., secs. 484a, 486, 495, 499; Black on Judg., sec. 276. But however this may be, it is universally held, so far as we are advised, that the recitals of service or of appearance in judgments are conclusive only in courts of domestic jurisdiction, and, while we have heretofore expressed some doubt as to the wisdom of such conclusion, yet, in harmony with the cases hereinafter cited, we conclude that the amended decree under consideration was not a domestic judgment in the sense that it could not be shown that the court failed to acquire jurisdiction over the person of appellee. See Black on Judg., sec. 275; Cooper v. Newell, 173 U. S., 555; 43 L. R. A., 808; Railway v. Barton, 24 Texas Civ. App., —, 57 S. W. Rep., 292; Harby v. Patterson, 59 S. W. Rep., 63, where the subject is fully discussed.

Nor do we think the fact that appellee was a resident of the State of controlling effect. The decisions cited, holding that judgments of State and Federal courts are not domestic, rest upon the ground, not of adverse citizenship, but of diverse derivation of powers, viz., on the fact that they "derive their jurisdiction and authority from different governments."

We conclude by saying that we have found no reversible error in the proceedings, and we accordingly adopt the trial court's findings of fact and conclusions of law, and affirm the judgment.

*Affirmed.*

Writ of error refused.