### NANNY GRIFFIN v. JESS GRIFFIN.

Decided March 27, 1909.

**1.—Divorce—Jurisdiction—Residence of Defendant—Citation by Publication.**

Where, in a suit by the wife for divorce, the petition alleged the statutory ground that the defendant had left plaintiff for the period of three years with the intention of abandonment, and that she was a bona fide inhabitant of the county and State where the suit was brought and had resided there for six months next preceding the filing of the petition, and that defendant's residence was unknown, it was error to sustain an exception to the petition and dismiss the suit on the ground that it alleged that defendant's residence was unknown and service was by publication in terms of the statute, and therefore the courts of this State were without jurisdiction.

**2.—Case Distinguished.**

Haddock v. Haddock, 201 U. S., 562.

**3.—Same—Decree—Constitutional Law—Full Faith and Credit Clause—Domicile.**

Where the allegations of the petition of the wife for divorce showed the matrimonial domicile to be in the county in this State where the suit was brought and that the husband had wrongfully abandoned her for the purpose of avoiding his marital obligations, by such abandonment he relinquished his marital control and gave up the power and authority over her which alone makes his domicile hers, and in such case she must be treated as having her domicile in this State for the purpose of the dissolution of the marriage; and a decree of divorce rendered at such matrimonial domicile upon service by publication will be binding upon both parties and entitled to recognition in other States by virtue of the full faith and credit clause of the Constitution of the United States, even if it appeared that the husband had acquired a new domicile.

Appeal from the District Court of Hill County. Tried below before Hon. W. C. Wear.

*Ivy, Hill & Greenwood,* for appellant.

No brief for appellee.

TALBOT, ASSOCIATE JUSTICE.—This is a suit for divorce instituted by the appellant against the appellee in the District Court of Hill County, Texas, on the 19th day of February, 1908. The petition alleged that the plaintiff was and had been for more than six months next before the filing thereof a bona fide inhabitant and resident of Hill County, Texas, and that the residence of the defendant was unknown; that during the year 1895 plaintiff and defendant were duly

and legally married in said county, and lived together as husband and wife until the month of January, 1896, when defendant without cause left plaintiff with the intention of abandoning her and had never returned. The prayer was for citation to be served by publication, for judgment for divorce, for costs of suit and general relief. The case was called for trial July 13, 1908, and, the defendant failing to appear in person or by an attorney of his own selection, the court appointed an attorney of the bar to represent him. The attorney so appointed answered excepting to the jurisdiction of the court to hear and determine the case on the ground that the petition of plaintiff alleged that the residence of the defendant was unknown, and it appeared that service of citation upon the defendant was made by publication in terms of the statute of Texas. This exception was sustained by the court and judgment entered dismissing the cause at plaintiff's cost, said judgment reciting that "It is the opinion and judgment of the court that this court is without jurisdiction of the case on service by publication, the residence of the defendant being unknown." The correctness of the court's action in sustaining the exception or plea to the jurisdiction of the court and dismissing plaintiff's case is challenged by an appropriate assignment of error. We think the assignment is well taken.

It does not so definitely appear but we presume the trial court was influenced and controlled in the judgment rendered by the case of Haddock v. Haddock, 201 U. S., 562. That case was decided by a divided court, and both the majority and dissenting opinions exhaustively discuss the extra-territorial force of a decree of divorce, rendered in one State upon service of citation or notice given the defendant of the pendency of the suit by publication, by virtue of that clause of the Federal Constitution which requires that full faith and credit shall be given by States to the judicial decrees of other States. It does not become necessary for us to say in the present case whether we concur in or dissent from the majority opinion in that case. We are of the opinion that the decision of the majority does not go to the extent of the court's holding in this case. The effect of the decision in the Haddock case, as expressed in the syllabus is, that the mere domicile within the State of one party to the marriage does not give the courts of that State jurisdiction to render a decree of divorce enforceable in all other States by virtue of the clause of the Federal Constitution above referred to, against a nonresident who did not appear and was only constructively served with notice of the suit. The decision does not deny the authority of a State in such case to render a decree of divorce susceptible of being enforced within its border, nor does it deny, as we understand it, the right of other States to give such effect to a judgment of that character as they may elect to do under principles of State comity. On the contrary, such power and such right is expressly recognized. In the case of Pennoyer v. Neff, 95 U. S., 714, it was held that a judgment of a State court on a debt could not be supported without personal service on the defendant within the State or his appearance in the cause, but the court was careful to say: "To prevent any misapplication of the views expressed in this opinion, it is proper to observe that we do not mean to assert by anything we have said

that a State may not authorize proceedings to determine the status of one of its citizens towards a nonresident which would be binding within the State, though made without service of process or personal notice to the non-resident. The jurisdiction which every state possesses to determine the civil status and capacities of all its inhabitants involves authority to prescribe the conditions on which proceedings affecting them may be commenced and carried on within its territory. The State, for example, has absolute right to prescribe the conditions upon which the marriage relation between its own citizens shall be created, and the causes for which it may be dissolved. One of the parties, guilty of acts for which by the law of the State a dissolution may be granted, may have removed to a State where no dissolution is permitted. The complaining party would therefore fail if a divorce were sought in the State of the defendant; and if application could not be made to the tribunals of the complainant's domicile in such case and proceedings be there instituted without personal service of process or personal notice to the offending party, the injured citizen would be without redress. 2 Bishop, Marr. & Div., section 156."

Again, the allegations of the petition in the case at bar show the matrimonial domicile to be in Hill County, Texas, and that the defendant had wrongfully abandoned his wife, evidently for the purpose of avoiding his marital obligations. By such abandonment he relinquished his marital control and protection of plaintiff, and gave up the power and authority over her which alone makes his domicile hers. In such case she should be treated as having her domicile in the State of the matrimonial domicile for the purpose of the dissolution of the marriage, and a decree of divorce rendered at such domicile upon service by publication will be binding upon both parties, and entitled to recognition in other States by virtue of the full faith and credit clause of the Constitution of the United States. This view of the law as applied to this case is strengthened by the fact that it does not appear that the defendant has established for himself, since he left the plaintiff, a new domicile. But even if it appeared that he had acquired a new domicile, the law upon the subject would be the same. In the case of Atherton v. Atherton, 181 U. S., 155, which it seems was not overruled by the case of Haddock v. Haddock, *supra,* it was held, in effect, as we understand that case, that a decree of divorce may be lawfully obtained at the matrimonial domicile upon service by publication, notwithstanding the defendant may have taken up his or her residence separate from the other party in another State, provided the law of such domicile with respect to such service be fully observed.

The petition in the case before us manifestly made a case for divorce under our statute. The statutory grounds that the defendant had left plaintiff for the period of three years with the intention of abandonment, and that she was a bona fide inhabitant of the county and State where the suit was brought, and had resided in said State and county for six months next preceding the filing of the petition, were alleged. The judgment of the court recites service upon the defendant by publication and there is nothing in the record to indicate that the law of this State with respect to such service was not scrupulously observed, and the question of jurisdiction having been raised by demurrer, the

allegations of the petition must be taken as true. We think the District Court should have heard and determined the cause upon its merits and rendered such judgment as the law and facts warranted. Therefore the judgment dismissing the case for want of jurisdiction is reversed and the cause remanded for trial.

*Reversed and remanded.*