GIVENS v. GIVENS.  (No. 5870.)

(Court of Civil Appeals of Texas. San Antonio. May 16, 1917.  Rehearing Denied June 13, 1917.)

1. EVIDENCE ⬦348(2) — FOREIGN JUDGMENTS —PROOF.

A foreign judgment certified by the clerk, but not by the court, is admissible where a witness testified that it was a true copy of the original which he had examined.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1369–1383.]

2. DIVORCE ⬦326 — FOREIGN JUDGMENT — COLLATERAL ATTACK.

A foreign divorce judgment, though reciting the jurisdictional facts, may be collaterally attacked.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 827–830, 840.]

3. DIVORCE ⬦168 — DOMESTIC JUDGMENT — COLLATERAL ATTACK.

A domestic divorce judgment can be collaterally attacked only when it does not recite the jurisdictional facts.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 549, 550.]

4. EVIDENCE ⬦80(1) — PRESUMPTIONS—FOREIGN LAW.

Where the foreign law is not alleged and proved, it will be presumed to be the same as in the state of the forum.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 101.]

5. DIVORCE ⬦77—JURISDICTION—SERVICE.

Under Rev. St. 1911, art. 1869, providing for service upon absent or nonresident defendants by a notice addressed to such defendant by the clerk of court, etc., a writ issued to the sheriff directing him to summon such a defendant is void, and handing such writ to the defendant outside the state confers no jurisdiction.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 251–254.]

6. HUSBAND AND WIFE ⬦272(4)—COMMUNITY PROPERTY—WIFE'S RIGHT TO PARTITION.

A woman who married a second time after void divorce proceedings against her first husband cannot sue her first husband for partition of community real estate, since the maintenance

of such an action is dependent upon a valid divorce.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. § 1005.]

Appeal from District Court, Hidalgo County; V. W. Taylor, Judge.

Suit by Julia M. Givens against H. L. Givens. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Glasscock, McDaniel & Bounds, of McAllen, for appellant. Geo. P. Brown, of Laredo, and D. F. Strickland, of Mission, for appellee.

FLY, C. J. This suit was instituted by appellee, who although styled Julia M. Givens, claims to be Julia M. Harrison, and was joined by F. W. Harrison, as her husband, to recover of appellant one-half of certain lands which she alleged were the community estate of herself and appellant, having been acquired during her coverture with him. She alleged that on November 14, 1914, she obtained a divorce from appellant in the circuit court of St. Louis, Mo., and on October 20, 1915, was married to F. W. Harrison. Appellant denied that the St. Louis court ever obtained jurisdiction over him and that any valid decree of divorce was ever granted, "in that no valid service of citation and notice was ever served on him," that he and appellee were married in 1883, and lived together as man and wife until 1906, when they separated, and that the property had been earned by him since said separation.

[1] Over the protest of appellant, a purported certified copy of a decree of divorce entered by default by the circuit court of the city of St. Louis, of date November 4, 1914, was introduced in evidence, the objection to it being that it was not shown that the court had jurisdiction, and that the certificate had not been certified by the court, but by the clerk alone. Without objection appellee testified that the certified copy was substantially the same as the original judgment. She testified to having examined the original, and that the document introduced in evidence was a true copy. This was sufficient to admit it. St. Louis Metal Co. v. Beilharz, 88 S. W. 512; Harvey v. Cummings, 68 Tex. 599, 5 S. W. 513.

[2, 3] It is well settled that a judgment of divorce granted in another state may be collaterally attacked by showing that the court which granted it was without jurisdiction, even though jurisdictional facts are recited in the judgment. Norwood v. Cobb, 24 Tex. 554; Chunn v. Gray, 51 Tex. 112; Redus v. Burnett, 59 Tex. 581; Morgan v. Morgan, 1 Tex. Civ. App. 315, 21 S. W. 154; Stuart v. Cole, 42 Tex. Civ. App. 478, 92 S. W. 1040; Batjer v. Roberts, 148 S. W. 841. The rule that a domestic judgment in which service is recited cannot be collaterally attacked does not apply to a foreign judgment. League v. Scott, 25 Tex. Civ. App. 318, 61

S. W. 522; Batjer v. Roberts, herein cited. It follows that appellant could attack the foreign judgment by default offered in this case, and could have done so had it been a domestic judgment, as it does not recite service on appellant.

[4, 5] The facts in this case show that judgment for a divorce was rendered in the circuit court of St. Louis, Mo., and that a writ was issued to the sheriff of St. Louis, commanding him to summon Henry L. Givens to appear at a certain term of the court in St. Louis, to answer a certain complaint set out in a petition attached to the writ. The writ was handed to appellant by Tom Mayfield in Hidalgo county, Tex., in the town of McAllen. No other notice of the suit was given him. This testimony was uncontroverted, and it follows that the summons issued to a Missouri sheriff was handed to a defendant in Texas by some person, and that the judgment of divorce rests on that service alone. What the laws of Missouri may be on the subject was not shown, and if it be presumed that the law as to serving a party in another state is the same in Missouri as in Texas, there was no service on appellant, and the St. Louis court was without jurisdiction to render the judgment, and it is null and void. Such presumption will be indulged in the absence of allegation and proof of the foreign law. Sadler v. Anderson, 17 Tex. 245; Railway v. Wise, 101 Tex. 459, 109 S. W. 112; Railway v. Mitten, 13 Tex. Civ. App. 653, 36 S. W. 282.

Article 1869, Revised Statutes of Texas, provides that, where the defendant is absent from the state, or is a nonresident of the state, the clerk, upon application by any party to the suit, his agent or attorney, shall address a notice to the defendant to appear and answer the petition, naming the time and place. It also provides that the notice shall run in the name of the state and give date of filing, file number, names of all parties, and nature of the demand, and that a copy of the petition accompany the notice. The notice in this case is not addressed to appellant, but to the St. Louis sheriff, commanding him to perform a service which it was utterly impossible for him to perform and which he did not perform. This was not a compliance with the statute. It is not contemplated that such a summons should be directed to or served by an officer. Porter v. Hill, 33 S. W. 383; Blethen v. Bonner, 93 Tex. 141, 53 S. W. 1016.

It has been held that the marriage relation may be dissolved upon notice by publication, which would undoubtedly apply with equal force to the service contemplated in article 1869, where the law of the domicile of the complainant is strictly complied with. Pennoyer v. Neff, 95 U. S. 714, 24 L. Ed. 565.

In the cases of Haddock v. Haddock, 201 U. S. 562, 26 Sup. Ct. 525, 50 L. Ed. 867, 5 Ann. Cas. 1, and Nat. Exch. Bank v. Wiley, 195 U. S. 259, 25 Sup. Ct. 70, 49 L. Ed. 184,

it was held that, while under the Constitution full faith and credit must be given to judgments and decrees of other states, if there was no jurisdiction of the subject-matter or of the person of the defendant, the courts of another state are not required to enforce such judgment or decree. The decision in Haddock v. Haddock goes farther on other points connected with the marital contract than it is necessary to go in this case. The case is fully discussed by Judge Talbot in the case of Griffin v. Griffin, 54 Tex. Civ. App. 619, 117 S. W. 910, and the proper construction, we think, placed upon it. Admitting the authority of a state to render a decree of divorce in favor of a resident thereof against the resident of another state, it most certainly must be done upon the service required by its laws, to be valid and binding.

The evidence shows that appellant was never served with notice, as required by law, and notice to a person in a different state from that in which the suit is pending is not at best as satisfactory as could be desired, and it must be done at least in substantial compliance with the statute in order to be recognized.

[6] The right of appellee to a partition of the community real estate depends on the fact that a divorce had been granted and that she was consequently no longer the wife of appellant. Michael v. Rabe, 109 S. W. 939. Upon a failure to prove a divorce, the whole fabric of the case collapsed.

The judgment is reversed, and the cause remanded.