**HAYES v. TEXAS EMPLOYERS' INS. ASS'N.
(No. 2161.) ***

(Court of Civil Appeals of Texas. Amarillo.
June 13, 1923. Rehearing Denied
Oct. 3, 1923.)

**1. Pleading ☞382(1)—Fraud in obtaining divorce admissible under general denial where answer sets up decree of divorce as defense.**

Where a wife brought an action on an insurance policy under Workmen's Compensation Law (Vernon's Ann. Civ. St. Supp. 1918, art. 5246—1 et seq.), to recover for the death of her husband and the defense was that she had been divorced from her husband, a judgment rendered after the husband's death annulling the decree of divorce because fraudulently obtained was admissible in evidence under a general denial, without setting up such facts by supplemental petition, as under Vernon's Ann. Civ. St. Supp. 1918, art. 1829, any special matter of defense shall be regarded as denied unless expressly admitted.

**2. Master and servant ☞403 — Wife must prove prima facie relationship of husband and wife at time of injury to recover on policy under Workmen's Compensation Law.**

A wife, after rejection of her claim by the Industrial Accident Board, who sues on an insurance policy under Workmen's Compensation Law (Vernon's Ann. Civ. St. Supp. 1918, art. 5246—1 et seq.) for death of her husband must establish prima facie that the relationship of husband and wife existed between them at the time of injury and death of husband.

**3. Pleading ☞382(1)—Decree of divorce admissible in evidence under general denial where wife sues on insurance policy on death of her alleged husband.**

Where a wife brings an action on an insurance policy under Workmen's Compensation Law (Vernon's Ann. Civ. St. Supp. 1918, art. 5246—1 et seq.) for death of her husband, a decree of divorce or other evidence disproving the fact that she was his wife is admissible under the general denial.

**4. Evidence ☞86 — Laws of other states, when not pleaded, conclusively presumed same as laws of this state.**

Where the laws of another state are neither pleaded nor proved by either party, they are conclusively presumed to be the same as the laws of this state.

**5. Divorce ☞329—Decree of divorce granted in another state may be collaterally attacked for fraud upon jurisdiction even when jurisdictional facts recited in judgment.**

A decree of divorce granted in another state may be collaterally attacked for fraud upon the jurisdiction even though jurisdictional facts are recited in the judgment.

On Rehearing.

**6. Divorce ☞329—Foreign decree of divorce may be collaterally attacked even when pleaded as res adjudicata.**

A decree of divorce, rendered in a foreign jurisdiction, is a judgment in rem, and may be collaterally attacked for fraud upon the jurisdiction, even when such judgment is pleaded as res adjudicata by a party to it.

Appeal from District Court, Wichita County; E. W. Napier, Judge.

Action by Mrs. Mary Hayes against the Texas Employers' Insurance Association. From a judgment for defendant, plaintiff appeals. Reversed and remanded.

Parks & Hall and Geo. T. Burgess, all of Dallas, for appellant.

Lawther, Pope & Leachman, of Dallas, for appellee.

HALL, C. J. J. W. Hayes, the husband of the appellant, while in employ of the Texas Company, on the 16th day of April, 1920, during the performance of his duties as an employee, received injuries from which he died shortly thereafter. At that time the Texas Company, under the Workmen's Compensation Law (Vernon's Ann. Civ. St. Supp. 1918, art. 5246—1 et seq.) had a policy of insurance issued by the appellee association. Hayes was earning $5.25 per day, and under said policy appellant would have been entitled to the maximum amount of compensation if she was in fact and in law his wife. Every formal requirement of the law has been complied with in the matter of presentation of her claim to the Industrial Accident Board, and, having been refused compensation, she filed this suit in the district court of Wichita county, to recover under the terms of the policy. No question is raised as to the sufficiency of her petition. She alleges that she was the wife of J. W. Hayes at the time of his injury and death, and had not at said time nor any time prior thereto abandoned her husband. The appellee answered with a general demurrer, several special exceptions, a general denial, and amongst other matters alleged that at the time of the death of James W. Hayes the appellant was not the wife of the said Hayes; that prior thereto, on or about the 28th day of January 1915, in Cause No. 2084, entitled J. W. Hayes v. Mary Hayes, a decree was rendered in the district court of Garvin county, Okl., dissolving the bonds of matrimony between said parties; that Mrs. Mary Hayes had not for a period of more than three years prior to the injury and death of J. W. Hayes, been living with him as his wife and that she had, without cause, abandoned him, and was living separately and apart from the said J. W. Hayes. By a supplemental petition she demurred generally and specially to the answer, and, by way of replication, denied generally the allegations thereof.

The case was tried on the 28th day of March, 1922, to a jury. The court peremp-

torily instructed a verdict for the appellee, and from a judgment entered in accordance with such verdict this appeal is prosecuted. The above-mentioned decree of divorce was admitted in evidence. It appears from the record that J. W. Hayes instituted suit against the appellant about the 2d day of December, 1914, in the district court of Garvin county, Okl., praying for a divorce, filing at that time his affidavit for citation by publication, in which he states that "he did not know of her whereabouts; that she was a nonresident of the state of Oklahoma; that she had gone north out of the state of Oklahoma more than four years before the filing of the affidavit and that he had not heard from her since that time." No process was served upon her in person, and the decree of divorce was rendered upon such service by publication. It further appears that on the 2d day of October, 1920, the appellant procured a later judgment in the same court of Oklahoma, annulling and setting aside the decree of divorce, upon the ground that J. W. Hayes had, by his false affidavit, perpetrated a fraud upon the jurisdiction of said court. She offered the last decree in evidence, and upon objection it was excluded. It further appears that at the time Hayes filed his suit for divorce, and at all times during the pendency thereof, she was a resident of Oklahoma, and that such fact was known to him. The laws of the state of Oklahoma were not pleaded by either party.

Appellee suggests that there are only two questions presented by the several propositions urged in appellant's briefs, as follows: (1) Can a decree of divorce of a foreign court of general jurisdiction, which recites that plaintiff appeared in person and by counsel, that defendant had been legally summoned by publication and that evidence was heard, be shown to be void in a collateral suit brought in Texas, especially in the absence of pleadings attacking the judgment? (2) Can an action be brought to set aside a decree of divorce fraudulently obtained after the death of the party obtaining such decree?

[1-3] As stated, Mrs. Hayes did not specifically attack the original decree, offered by appellee in her supplemental petition, upon the ground that it had been obtained fraudulently. In our opinion it was not necessary for her to set up the facts in her pleadings, before she could introduce evidence showing that through the fraud of Hayes the court had exercised its jurisdiction in its rendition. Briefly stated, her case is that she was the wife of J. W. Hayes at the time of his injury and death. That as such wife she was entitled to recover under the compensation laws. In order to prove her case she must establish prima facie that the relation of husband and wife existed between them at the time of the injury and death of J. W. Hayes. In order to entitle the appellee association to introduce the decree of divorce or any other evidence disproving the fact that she was his wife, it was not necessary for it to specifically allege the fact of the divorce. This proof was admissible under a general denial. If appellee had not alleged the fact of the divorce, and had offered the decree under the general issue, proof attacking the validity of the decree would have been admissible in her behalf without any special pleading. Appellee's allegation with reference to the divorce is not such a special defense as is contemplated by V. S. C. S. art. 1829. The trial judge did not err in admitting the decree of divorce. The first inquiry then is: Does the action of the court, in excluding her testimony which tended to show that the decree was fradulently obtained, constitute error? We think it does.

[4, 5] Since the laws of Oklahoma were neither pleaded nor proven by either party they are conclusively presumed to be the same as to the laws of Texas. It is settled in Texas that a divorce decree granted in another state may be collaterally attacked in this state for fraud upon the jurisdiction, even though jurisdictional facts are recited in the judgment. Richmond v. Sangster (Tex. Civ. App.) 217 S. W. 723; Jones v. Bartlett (Tex. Civ. App.) 189 S. W. 1107; Givens v. Givens (Tex. Civ. App.) 195 S. W. 877; Morgan v. Morgan, 1 Tex. Civ. App. 315, 21 S. W. 154. The evidence introduced by appellant, if true, was sufficient to authorize the jury to find that the divorce decree was obtained by Hayes through fraud upon the jurisdiction of the Oklahoma court. The trial judge, therefore, erred in directing a verdict against appellant.

The next question presented to be considered is as to the effect of the decree rendered by the district court of Garvin County, Okl., on October 2, 1920, annulling and setting aside the original decree of divorce. In our opinion it is not necessary to discuss this question. Mrs. Hayes had the right in the trial of this case to attack the original judgment granting the divorce, upon the ground that it was procured through fraud upon the jurisdiction of the court. The same result was possible in such collateral attack as is claimed by the direct attack made upon it in the court which rendered it.

Because the court erred in directing a verdict, the judgment is reversed, and the cause is remanded.

### On Motion for Rehearing.

[6] The main contention in the motion is that Mrs. Hayes had no right to attack the divorce decree in the absence of a supplemental petition, showing that the decree

pleaded by appellee was void, and specifically setting up the reasons why it was void. Our conclusion is that she could do this without a special pleading. Article 1829, V. S. C. S. 1918, provides that it shall not be necessary for the plaintiff to deny any special matter of defense pleaded by the defendant but that such plea shall be regarded as denied unless expressly admitted. While not required to do so, the appellee specially pleaded the rendition of the judgment by the district court of Oklahoma, which dissolved the bonds of matrimony, and the necessary implication is that it was a valid judgment. The introduction of a copy of the judgment prima facie established the fact pleaded, but it is settled law in this state that a decree of divorce, rendered in a foreign jurisdiction, is a judgment in rem and may be collaterally attacked in the courts of this state for fraud upon the jurisdiction, even when such judgment is pleaded as res judicata by a party to it. Richmond v. Sangster (Tex. Civ. App.) 217 S. W. 723, and authorities cited. While in that case, and in the Givens Case, cited in the original opinion (Tex. Civ. App.) 195 S. W. 877, the pleadings had set out the fact showing the invalidity of the judgments, this was not necessary under the article of the statute above referred to. Brooks v. Pegg (Tex.) 8 S. W. 595; Martin v. Teal (Tex. Civ. App.) 29 S. W. 691; League v. Scott, 25 Tex. Civ. App. 318, 61 S. W. 521; Bradley v. Deroche, 70 Tex. 465, 7 S. W. 779; Northern Texas Traction Co. v. Smith (Tex. Civ. App.) 223 S. W. 1013; Lehnen v. Dickson, 148 U. S. 71, 13 Sup. Ct. 481, 37 L. Ed. 373; 21 R. C. L. 555, § 115. This is in no sense a suit based upon a foreign judgment, nor is the divorce decree of Oklahoma pleaded as res judicata by any one who was a party or privy to it. The appellee simply alleges the granting of the divorce as a fact, which, if true, would preclude the appellant from recovering as the wife of the deceased. Being a stranger to the judgment the appellee is in no position to insist that the rules governing pleas of nul tiel record and res judicata are applicable. Bertrand v. Bingham, 13 Tex. 266; White v. Holland (Tex. Civ. App.) 229 S. W. 611.

The motion is overruled.