## CASUALTY RECIPROCAL EXCHANGE v. ALESSANDRO.

### No. 965.

Court of Civil Appeals of Texas. Waco.

Dec. 18, 1930.

Rehearing Denied Jan. 22, 1931.

Neff, Hale & Neff, of Waco, and E. C. Gaines, of Austin, for plaintiff in error.

Bryan, Maxwell & Dardnne, of Waco, for defendant in error.

BARCUS, J.

In May, 1929, Jack Alessandro, while regularly employed by the Geyser Ice Company, which carried compensation insurance with appellant, and in the course of his employment, received an injury from which he died. In July, 1929, Joe Alessandro, A. D. Alessandro, Victor Alessandro, Mike Alessandro, Tony Alessandro, and defendant in error, Lillie Alessandro, filed application before the Industrial Accident Board for compensation under the Workmen's Compensation Act. The Industrial Accident Board refused said application to all of said parties except Lillie Alessandro, and awarded her compensation at $20 per week for 360 weeks against plaintiff in error. Plaintiff in error gave proper notice, and in due time filed this suit to set aside said award. Defendant in error filed her answer thereto, and by way of cross-action alleged that Jack Alessandro was on May 2, 1929, and had been for more than twelve months prior thereto, employed by the Geyser Ice Company at an annual wage of $2,400; that, while engaged in the course of his employment, he was injured, from which he died; that the Geyser Ice Company was a corporation, and employed more than three people; and that it had taken out compensation insurance with plaintiff in error "to protect its employees and especially the said Jack Alessandro and his dependents under the provisions of the Workmen's Compensation Laws of the State of Texas.

"This defendant further shows in this connection that she is the sole and only dependent of the said Jack Alessandro; that he was a bachelor of approximately forty-four years of age; that she was then and is now unmarried and has never been married; that she has no income and has never had any income; that for several years next prior to and at the time of the death of Jack Alessandro she had no means of support other than that contributed to her by him; that he bought the groceries, clothing, fuel, paid for the lights and water and the incidental expenses of the home; that she kept house for him and he maintained the home and no other persons contributed thereto and that such condition existed at the time of his death."

Plaintiff in error urged a general demurrer to the petition, which was overruled, and to which it excepted. The cause was tried to the court, and resulted in judgment being entered for defendant in error for the full amount as awarded by the Industrial Accident Board.

Plaintiff in error assigns error to the action of the trial court in overruling its general demurrer, its contention being that there is no allegation in the cross-action of defendant in error which in any way indicated, suggested, or alleged that she was in any way related to the deceased, Jack Alessandro, and that no

facts are alleged which, if true, constituted her within the terms of the Workmen's Compensation Act a dependent on Jack Alessandro. We sustain this assignment. The paragraph from defendant in error's cross-action copied above is the only portion thereof which in any way refers to her relationship to or with Jack Alessandro. There is no suggestion in her pleadings that she was related to Jack Alessandro either by blood or marriage. She does allege that Jack Alessandro was a bachelor and that she was a single woman, and in another portion of the pleadings she alleges she was a spinster. Section 8a of article 8306 of the Revised Statutes provides that the compensation under the Workmen's Compensation Law shall be "(1) for the surviving husband; (2) the surviving wife; (3) minor children; (4) parents and step-mother; (5) dependent grandparents, dependent children, and dependent brothers and sisters of the deceased employee."

Defendant in error having alleged she had never been married, it was necessary, before she could recover, for her both to allege and prove that she was a dependent and a sister of the deceased. It is a well settled principle of law that a party can recover only on the cause of action as alleged. No amount of evidence will authorize a judgment, unless there is pleading to support same.

While every intendment should be and is indulged in favor of a petition as against a general demurrer, it is essential that a petition must contain all necessary averments. The mere fact that a single woman is dependent for a livelihood upon a single man does not mean, and could not be construed to mean, that she was his sister. As a matter of common knowledge, there are many women absolutely dependent upon others who are not related either by blood or marriage, and there are many women who are more distantly related than a sister, and who do not come within the purview of the Workmen's Compensation Act, that are dependent upon their relatives for a livelihood. In Hayes v. Texas Employers' Insurance Association (Tex. Civ. App.) 254 S. W. 501, 502 (error refused), the court stated: "In order to prove her case she [the wife] must establish prima facie that the relation of husband and wife existed between them at the time of the injury and death of J. W. Hayes." If it was necessary, as stated in the quotation above, for the wife to establish the fact that she was a wife of deceased, then it was necessary for her to have alleged said fact.

In Modesett v. Emmons, 286 S. W. 276, 279, which was reversed on other grounds in (Tex. Com. App.) 292 S. W. 855, the Court of Civil Appeals stated: "In a civil action self-defense, when relied on to justify an assault, must be specially pleaded. It is, in legal effect, a plea of confession and avoidance. [Citing authorities]. Matter which a defendant must specially plead must also be proved by the pleader." (Citing authorities).

In Texas Employers' Insurance Association v. Mints (Tex. Civ. App.) 10 S.W.(2d) 220, 222. the court stated: "Article 8306, § 8a, R. S. 1925, prescribes in detail who shall be entitled to recover compensation in such cases. The appellee must bring herself within the classification named in that statute, and, having alleged that the deceased left no heirs at law or beneficiaries who are entitled to compensation other than his mother, appellee herein, it was her duty to show that fact by competent evidence."

In Bluitt v. Pearson, 117 Tex. 467, 7 S.W. (2d) 524, 526, the court held that, before an heir or any one else interested in an estate other than the administrator could maintain a suit, it was necessary to allege that there was no administration on the estate of the deceased and that no necessity existed therefor, and in said opinion the court discussed what could be implied by the pleadings and to what extent the intendment might be carried, and stated: "That a mere legal conclusion of the pleader will not stand as against a general demurrer is well settled by the decisions of our Supreme Court. [Citing authorities]. A court is not at liberty to read into a pleading which merely states a conclusion of law, the facts necessary to raise the issue to support such conclusion."

The most that could be said in favor of the allegations as made by the defendant in error is the legal conclusion that she was, within the purview of the Workmen's Compensation Act, a dependent on Jack Alessandro.

The judgment of the trial court is reversed, and the cause is remanded.

### On Motion for Rehearing.

Defendant in error in her motion for rehearing contends that we were in error because she claims she alleged that she was the "sole dependent of Jack Alessandro under the provisions of the Workmen's Compensation Laws of Texas," and that, since the Workmen's Compensation Act is an act of exclusion, said pleadings would thereby exclude any dependent unless they came under or within the Workmen's Compensation Act.

We have carefully re-read the pleadings of defendant in error, and do not find such allegation in her pleadings. In our original opinion, we copied all of her allegations that we could find bearing on said question; we do not think said pleadings could be construed as alleging that defendant in error is the sole dependent of Jack Alessandro under the Workmen's Compensation Act. Her pleading was that she was his sole dependent; she did not attempt to limit same to "under the provisions of the Workmen's Compensation Act."

We have carefully re-examined the record and authorities, and the motion for rehearing is overruled.