## MAHONEY v. SNYDER et al.

### No. 4583.

Court of Civil Appeals of Texas. Amarillo.

April 27, 1936.

Bean & Bean and Thos. B. Duggan, Jr., all of Lubbock, for appellant.

HALL, Chief Justice.

Mrs. B. O. Mahoney, a resident of California, filed this suit in Yoakum county, against H. O. Mahoney, who also resides in California, and against Roy M. Snyder, of the state of New Mexico, and the Sisters of Mercy of Stanton, Tex., a corporation, alleging that she and her husband, H. O. Mahoney, are permanently separated, but not divorced; that he had failed and refused to contribute to her support.

The first count is a suit in trespass to try title for an undivided one-half interest in the following real estate: Sections 742, 744, 808, the east one-half of 152, 194, 509, 479, 806, 422, 474, and the west one-half of 756, all in block D, in Yoakum county, Tex. She alleged that she and appellee, Roy M. Snyder, were each the owner of an undivided one-half interest in said land, and that the appellees, H. O. Mahoney and Sisters of Mercy were claiming ownership or interest in some of the lands, which claims were a cloud upon her title. She prayed for recovery of an undivided one-half interest in said lands, together with writ of possession, etc.

By the second count of her petition, and in the alternative, she alleged that sections 742, 744, 808, 479, 505, 806, 194, and the east one-half of 152, in said block D, were the community property of herself and H. O. Mahoney, having been acquired during their marriage relation. That the said H. O. Mahoney, without her consent or knowledge, and without consideration therefor, conveyed, or caused to be conveyed, to the other defendants said lands for the purpose of defrauding plaintiff of her interest therein. That neither Roy M. Snyder nor the Sisters of Mercy of Stanton paid a valuable or adequate consideration for any of the property. That the conveyances were made by Mahoney in pursuance of a scheme to deprive plaintiff of her community interest in said property, and also of her interest in certain vendor's lien notes. That the said Snyder accepted said conveyances and transfers of lands and notes with knowledge of and in pursuance of said scheme to defraud plaintiff, and without paying a valuable consideration therefor. She then alleged in detail the manner in which the various tracts of land had been acquired by Mahoney for their community estate, and further set forth in detail the fact that several notes were executed by various parties in favor of Mahoney, secured by deeds of trust upon certain of the lands sued for herein. That Mahoney transferred said notes to Snyder without consideration, in pursuance of their scheme to defraud plaintiff and to deprive her of her interest in said notes. That Snyder afterwards foreclosed the liens securing said notes, and purchased the lands at foreclosure sales, without paying an adequate consideration therefor, merely crediting the bids on the judgments. That J. J. Kendricks and others executed various vendor's lien and deed of trust liens upon certain lands located in Yoakum county, payable to H. O. Mahoney, who transferred said notes to Snyder without consideration, who still holds them. That by reason of all the foregoing facts she is the owner of an undivided one-half interest in and to all of said lands and notes and deeds of trust, and that the defendant, Roy M. Snyder, is the owner of the other undivided one-half interest therein. That the defendant, Snyder, holds in trust for appellant the legal title to her one-half interest in all of said property, and although she has often requested him to convey such legal title to her, he has at all times refused and still refuses to make such conveyance.

She prays for judgment against Snyder and all the other parties to the suit, for an undivided one-half interest in all of said property, and for partition thereof.

Mahoney answered by general denial, and alleged that there had been a suit in the superior court of Los Angeles county, Cal., brought by appellant against him; that judgment was rendered therein in the year 1927, partitioning the community property of the parties, but that no divorce was granted, and that both parties have acted upon said decree and partition, and by reason thereof the appellant should take nothing in this suit. The prayer is that all the property in controversy be decreed to be the separate property of Mahoney.

He also alleged in behalf of Roy M. Snyder that he, Snyder, was holding all the property in trust for the grandchildren of H. O. Mahoney, naming them. He denied that the transfers were made for the purpose of defrauding appellant of her community interest in the property, but said that said property was received by him in good faith, in trust, for the purpose of being distributed in accordance with the trust agreement entered into by himself and H. O. Mahoney.

Snyder's prayer is that appellant take nothing, and that the property be adjudged to be the separate property of H. O. Mahoney, with right to convey the same without joinder of appellant.

By supplemental petition, appellant denied the allegation that the judgment in the superior court of Los Angeles county, Cal., was a partition of the community property.

The California Exploration Company, Inc., intervened, saying that it held certain mineral leases executed by Snyder and covering some of the lands involved, believing at the time that Snyder was the owner of the land. It tendered the rent in money into court, asking that the leases be confirmed, and that the rents be paid to whomsoever the court should determine.

There was an agreement that the leases were valid; and that the company should pay the rent in money into the registry of the court pending the litigation.

By agreement the jury was discharged, and the court rendered judgment that the appellant, Mrs. Mahoney, it not entitled to recover an undivided one-half interest in the lands and other property, but that all the deeds and transfers to Snyder should be held for naught; that all transfers of notes and mortgages to Snyder should be held for naught; that all the property is the community property of Mahoney and wife. The judgment then proceeds to set aside each and all of the deeds and conveyances, and adjudges the property to be the community property of the community estate of Mahoney and wife, ordering Snyder to deliver all the notes and deeds to H. O. Mahoney and make proper transfers to him. The California leases were validated, and the costs taxed against H. O. Mahoney.

The substance of the court's findings of fact is as follows:

That H. O. Mahoney and appellant were married in 1874 and are now husband and wife, although they have lived apart for many years. That the superior court of Los Angeles county, Cal., entered a judgment in favor of appellant for her separate maintenance. That the lands and notes described were acquired by appellant and appellee during the marriage relation and constitute community property. That they were transferred to Snyder in trust for certain grandchildren of the Mahoneys, and that there was no other consideration for such conveyances and transfers. That the transfers were without the knowledge or consent of appellant. That Snyder had sued upon certain notes and foreclosed the liens and bought the lands in accordance with the trust agreement, which lands were the community property of appellant and her husband. He concludes as a matter of law that the conveyances and tranfers being without consideration are wrongful and void, and that they all still belong to the community estate of the appellant and H. O. Mahoney, and that all said transfers and deeds be canceled and held for naught.

It appears that in the trial of the case below, the court took the position that since the parties had never been divorced, and since no divorce was sought in this suit, all he could do was to set aside all the transactions and reinvest the community with the title to the property involved.

The appellant contends that in cases of this character the courts are able to make proper disposition and settlement of the property rights as between a husband and wife, although they have never been divorced.

The law seems to be settled that where a husband and wife have been living separate and apart for many years, that the wife may sue him and his vendees or transferees to cancel his deeds and other conveyances of community property, when the object of her suit is to prevent waste and dissipation of the property and to protect her one-half undivided interest in the community property.

It has been held that there can be no partition of the community estate between the parties so long as the marriage status continues. The community estate is a legal incident to the marriage status of the parties. Givens v. Givens (Tex.Civ. App.) 195 S.W. 877.

Appellant makes no complaint of the judgment in so far as it cancels the conveyances and reinvests the community with the title and possession of the community estate which has been transferred

to Snyder and the Sisters of Mercy, the sole insistence being that the court should have partitioned the property and set apart one-half thereof to her.

The appellant cites the following authorities in support of her contention: Gutheridge v. Gutheridge (Tex.Civ.App.) 161 S. W 892. This was a suit instituted by a divorced wife to recover her interest in the community property from her husband and others, and because no action for divorce has been instituted between the parties to this suit, the Gutheridge Case is not in point.

McCartney v. McCartney, 93 Tex. 359, 55 S.W. 310, is also cited. This is an action instituted by a husband against his insane wife to cancel deeds he had made to her while she was partially insane in satisfaction of her demands, and he was allowed to maintain the suit for the purpose of canceling the deeds, but no part of the property was decreed to belong to him as his separate estate.

Newman v. Newman (Tex.Civ.App.) 86 S.W. 635, is also cited. The property involved in that case was not community property, but was the separate property of the husband.

Watson v. Harris, 61 Tex.Civ.App. 263, 130 S.W. 237, is also cited. Reference to the report shows that the suit was instituted by his lawful wife after the death of the husband to recover from his paramour, in company with whom he had left his home and his lawful wife in Georgia and had been living in adultery with her in Texas. This case sheds no light upon the issue.

The case of Vercelli v. Provenzano (Tex.Civ.App.) 28 S.W.(2d) 316, went off on demurrer.. No writ of error was prosecuted, and it has not been cited as authority since its rendition. The suit was by Vercelli against Charles Provenzano and others for the purpose of establishing and protecting his right and title in certain lands which stood in the name of Provenzano. The suit was against Provenzano, his wife, Ida, and Lucy Vercelli, the wife of the plaintiff. Provenzano died before service of citation, and his children were made parties. Mrs. Vercelli and Mrs. Provenzano were sisters. He charges a conspiracy between the defendants to deprive him of his property, but did not pray for a divorce. As in the instant case, he prayed for a judgment canceling and setting aside the pretended conveyance to the trustee, and the trustee's deed to Proven-zano, and that the property be equally divided between him and his wife, Lucy Vercelli, after the payment of certain debts. Citing the Newman and McCartney Cases, supra, Pleasants, C. J., held that when necessary for the protection of property rights, either spouse may sue the other, and the judgment was reversed and the cause remanded because the trial court sustained the plea as to misjoinder of plaintiff's wife, holding that she could not be a proper party. The case does not hold that Vercelli could have a partition of the community property between himself and his wife.

In Speer's Law of Marital Rights (1st Ed.) § 434, the author says: "If the right of the wife to sue the husband be recognized, it must also be admitted that the husband would have a similar right to sue the wife," citing the Newman and McCartney Cases, supra, and concludes in the following language: "Indeed, the right of the husband to sue the wife, or the wife to sue the husband, is a necessary corollary to the right of contract, or, what is more, to own separate estates." The author was not discussing the rights of the spouses with reference to suits involving community property.

In Martin v. Martin (Tex.Com.App.) 17 S.W.(2d) 789, 792, where the wife sought to recover an interest in the unearned salary of her husband, praying for a receiver and a decree directing the receiver to turn over to her such portions of the salary earned by him as might be necessary for the support of herself and their child, Judge Critz said: "We know of no authority, and have been cited to none, authorizing the partition of community property between the husband and wife except in a divorce proceeding as provided under article 4638, Rev.Civ.St. of Texas 1925, or under the general laws pertaining to partition and settlement of partnership and property rights, which apply after divorce proceedings have been had." See, also, Bettis v. Bettis (Tex.Civ.App.) 83 S.W. (2d) 1076; Flynn v. Flynn (Tex.Civ.App.) 22 S.W.(2d) 549; Harkness v. Harkness (Tex.Civ.App.) 1 S.W.(2d) 399; Ledbetter v. Ledbetter (Tex.Civ.App.) 229 S.W. 576; Givens v. Givens (Tex.Civ.App.) 195 S.W. 877; Burns v. Burns, 59 Tex.Civ.App. 549, 126 S.W. 333; 23 Tex.Jur. § 286, pp. 326, 327; Speer's Marital Rights (3d Ed.) § 504, p. 619; McKay Community Property, §§ 1132, 1133.

As stated above, the judgment reestablishes the status of the property as community. According to the authorities just cited, the appellant was not entitled to partition. Any future .effort on the husband's part to dispose of the property would be futile, and by a proper proceedings appellant could enjoin the disposition of it.

We think the court correctly disposed of the issues, and the judgment is affirmed.