### TRADERS & GENERAL INS. CO. v. LOCKWOOD.

### No. 3904.

Court of Civil Appeals of Texas. El Paso.

Feb. 23, 1940.

Rehearing Denied March 14, 1940.

590

Benbow, Saunders & Holliday, of Dallas (Henry D. Akin, of Dallas, of counsel, on motion for rehearing; Will R. Saunders, of Dallas, of counsel), for plaintiff in error.

J. B. Cotten and John J. Watts, both of Crane, for defendant in error.

WALTHALL, Justice.

This is a case under the Workmen's Compensation Law (Vernon's Ann.Civ.St. art. 8306 et seq.).

We adopt the statement of the nature and result of the suit as found in plaintiff in error's brief.

This suit was originally instituted in the District Court of Ector County, Texas, by the defendant in error, George W. Lockwood, against the plaintiff in error, Traders & General Insurance Company, seeking to set aside an award of the Industrial Accident Board, and to collect compensation insurance on account of certain personal injuries alleged to have been received by the said George W. Lockwood on or about the 1st day of December, A.D.

1937, while in the employ of Sidwell & Meyers Drilling Company in Ector County, Texas.

The defendant in error thereafter filed his first amended original petition upon which he went to trial in the District Court of Ector County, Texas, during the course of which trial the evidence developed that the injury, if any, sustained by the defendant in error was sustained in Crane County, Texas; whereupon, the District Court of Ector County, Texas, ordered said cause transferred to the District Court of Crane County, Texas. Thereafter, the Clerk of the District Court of Ector County, Texas, forwarded to the clerk of the District Court of Crane County, Texas, a certified copy of the "order transferring case to Crane County" in cause No. 1488, styled George Lockwood, plaintiff, v. Traders & General Insurance Company, defendant, together with all the court papers in said cause and said cause was thereupon docketed upon the docket of the District Court of Crane County, Texas, and numbered 541 on the docket thereof.

The defendant in error went to trial upon his first amended original petition, and as a basis for his cause of action in said first amended original petition alleged that on or about December 1, 1937, he was an employee of Sidwell & Meyers Drilling Company working in Ector County, Texas, in the capacity of "a tool dresser"; that he worked with said Sidwell & Meyers Drilling Company in such capacity until the date of the infliction of the injuries herein sued upon.

The defendant in error further alleged that on or about December 1, 1937, while putting aqua-jell on the drilling line above the clamps, the drilling line slipped and struck plaintiff, knocking him down and rendering him unconscious, as a result of which he sustained severe and permanent injury to his entire body, with special injury to his head, face, eyes, neck and spinal column; and that he sustained a fracture of the left malar bone extending from just below the eyes to the tip of his nose; that his maxillary sinuses were fractured, resulting in infection to the left maxillary sinus; that the injury to plaintiff's head resulted in concussion and compression to the brain and in dizziness, vibration, swimming and ringing in his head and in constant chronic headaches, and inability to think consecutively, rendering him extremely nervous and causing him to have impaired and blurred vision, all of which resulted in the plaintiff's total disability to perform work, beginning on the said first day of December, 1937, and continuing down to the date of the trial, which said total incapacity was permanent, or at least was permanent to the extent that he was rendered physically unable to so perform the duties and tasks of a workman as to enable him to obtain and retain employment; that said injuries were sustained by the defendant in error while he was engaged in doing and performing the work for which he was employed and that such injuries had to do with and originated in the course of the business, trade or occupation of the said Sidwell & Meyers Drilling Company, and were sustained while defendant in error was engaged in and about the furtherance of the affairs, business and undertaking of the said employer in Ector County, Texas.

The defendant in error further alleged that his employer, Sidwell & Meyers Drilling Company, had actual knowledge of the occurrence of the accident, and the resultant injuries to the defendant in error, at the time they were sustained, and that within thirty days thereafter said defendant in error notified plaintiff in error of the receipt of his alleged injuries.

Defendant in error further alleged that within six months after the receipt of said injuries, he filed his claim with the Industrial Accident Board; that, thereafter, the Industrial Accident Board made and entered its final ruling and decision on said claim, from which decision the defendant in error filed notice of his unwillingness to abide by said decision and of his intention to appeal therefrom.

Defendant in error further alleged the usual and necessary allegations with reference to the computation of his compensation.

Defendant in error further alleged that he had made repeated demands upon the plaintiff in error to pay his compensation, but that despite his demands, the plaintiff in error had failed and refused, and still fails and refuses to pay the same or any part thereof, as a result of which he was forced to contract with, and did in fact contract and agree to employ J. B. Cotten of Crane, Texas, to represent him in the capacity of an attorney, for which said defendant in error agreed to pay the said J. B. Cotten thirty-three and one-third per cent of any amount recovered by him.

Defendant in error prayed that upon a final hearing he have judgment against the plaintiff in error for total and permanent disability and for compensation at the rate of $20 per week for a period of 401 weeks from and after December 1, 1937; that one-third of such recovery be decreed to J. B. Cotten, for costs and for general and special relief.

Plaintiff in error answered by filing a plea to the jurisdiction of the court, the same being filed at the time this cause was called for trial in the District Court of Crane County, Texas, on December 15, 1938, which said plea to the jurisdiction and motion to dismiss so filed by the plaintiff in error was overruled by the District Court of Crane County, Texas, on the 15th day of December, A.D. 1938.

The plaintiff in error further filed its first amended original answer in said cause, upon which it went to trial after the court had overruled its general demurrer and special exceptions No. 4 and 5 as contained in defendant's first amended original answer.

The case was tried to a jury, and, at the conclusion of the testimony, plaintiff in error made a motion for an instructed verdict, which was refused by the court, and the case was submitted to the jury.

The jury answered the special issues in favor of the defendant in error and upon said answers, the court rendered judgment in favor of the defendant in error, George W. Lockwood, and against plaintiff in error, Traders & General Insurance Company, for the sum of $6,825.60, with interest thereon at the rate of six per cent per annum until paid, and for costs of suit.

Thereafter, plaintiff in error filed its motion for a new trial. The trial court overruled said motion of the plaintiff in error for a new trial and plaintiff in error excepted and gave notice of appeal, and perfected its appeal by writ of error bond on March 24, 1939.

Plaintiff in error will be referred to as defendant, and defendant in error will be referred to as plaintiff, as in the briefs of the parties.

### Opinion.

This case was originally filed and went to trial in the District Court of Ector County, Texas, on plaintiff's first amended original petition, which petition alleged that the injuries plaintiff sustained and of which he complained occurred in Ector County, Texas. When it was shown on the trial that plaintiff's injuries, if any, were received in Crane County, the Ector County District Court thereupon immediately ordered the case transferred to Crane County under Article 8307a, Vernon's Ann.Civ.St. Neither before nor after the case was transferred to Crane County was plaintiff's petition changed, altered, modified or amended, but plaintiff went to trial in Crane County upon the same petition as he went to trial in Ector County, the petition alleging that plaintiff's injuries occurred in Ector County. The uncontroverted proof shows that the injuries occurred in Crane County.

The Crane County District Court accepted and retained jurisdiction, heard the evidence and tried the case and rendered judgment thereon. The court overruled defendant's plea to the jurisdiction, and defendant excepted.

Defendant under its first proposition submits that the action of the trial court, in retaining and rendering judgment under the facts substantially as above, was fundamental error, and cites us to Casualty Reciprocal Exchange v. Alessandro, Tex. Civ.App., 34 S.W.2d 636; Hendrick v. Blount-Decker Lumber Co., Tex.Civ.App., 200 S.W. 172, and other cases stating the well-settled principle of law that a judgment must have pleadings to support it.

The suit being strictly under the Workmen's Compensation Act, the petition, for venue and for jurisdiction, must be brought in the county in which the injury occurred. The latter portion of Article 8307a provides that, in the event such suit is brought in any county other than the county where the injury occurred, the court in which the suit is filed shall, upon ascertaining that it does not have jurisdiction to render judgment upon the merits, "transfer the case to the proper Court in the county where the injury occurred. Provided, however, that notice of said transfer shall be given to the parties and said suit when filed in the court to which the transfer is made, shall be considered for all purposes, the same as if originally filed in said court." The record shows that the court, by its order, made such transfer, and the Crane County District Court, having jurisdiction of the suit on its merits, accepted and retained jurisdiction. The statute requires only that the parties have notice of the transfer. The statute does not prescribe the character of the notice to be

given nor the form of the order of the transfer. No suggestion is made that sufficient notice was not given, nor that the order of transfer was not sufficient to give the court jurisdiction. The statute does not prescribe that on the transfer either party should replead the facts on the merits, and no suggestion is made that the facts on the merits are not sufficiently pleaded, only that plaintiff's petition retained the statement that the injury occurred in Ector County. The record shows that defendant was present at the trial in Ector County, pleaded to the jurisdiction of the court, and made proof that the injury to plaintiff, if any, occurred in Crane County. A variance, to be objectionable or fatal, should be such as to mislead or cause surprise. Defendant claims neither, but suggests that the variance in the pleading and the proof might be confusing to the jury trying the case.

We have concluded that the action of the Crane County District Court in accepting and retaining jurisdiction and rendering judgment in the case was not fundamental error.

The Eastland Court of Civil Appeals in Indemnity Insurance Company of North America v. Sparra et al., Tex.Civ.App., 57 S.W.2d 892, 894, by a divided court opinion, passed upon practically the same question as here, and overruled defendants and entered judgment for plaintiff. The majority opinion referred to and applied what is referred to as the common sense rule stated in 49 C. J. page 864, paragraph 1274, as follows: "A plea, answer, or other pleading of defendant may aid the petition, declaration, or complaint, and supply, cure or remedy an omission, defect or infirmity therein, as by affirmatively alleging or admitting a material fact not alleged, or defectively alleged, by plaintiff."

■ Under the above case we may look to the defendant's plea to the jurisdiction to the effect that the injury to plaintiff occurred in Crane County as curing or supplying any defect or lack of statement to that effect, should it be thought that plaintiff's petition was defective in not stating the county in which the injury occurred. Georgia Casualty Co. v. Darnell et al., Tex.Civ.App., 243 S.W. 579, on motion for rehearing.

■ Defendant in its second proposition contends that because plaintiff's petition alleged that the injury occurred in Ector County, it was error to admit plaintiff's evidence that the injury occurred in Crane County, because of the variance. We have not found in the record that any objection was made to the admission of the evidence, nor does the record show that defendant made known to the court its surprise at the testimony, or that it was misled thereby. Southern Underwriters v. Wheeler, Tex. Civ.App., 108 S.W.2d 846, and cases there cited. To be fatal, a variance must be such as to surprise or mislead the party to be charged. Federal Surety Co. v. Ragle, Tex. Civ.App., 25 S.W.2d 898.

Special issue 24, as reported in the transcript, has been corrected so as to read as submitted to the jury. We omit any comment on the change as reported here.

■ Issues submitted to the jury to find upon a preponderance of the evidence properly place the burden of proof. Houston & T.C. Ry. Co. v. Stevenson, Tex.Com.App., 29 S.W.2d 995; Federal Surety Co. v. Smith, Tex.Com.App., 41 S.W.2d 210.

■ The trial court defined "partial incapacity," as used in the charge, "means, when applied to a person, that such a person lacks physical power in part only to perform the usual tasks of a workman." We find no error in the definition.

■ The court instructed the jury that by the term "permanent," as used in the court's charge, is meant "throughout the lifetime of the plaintiff, George W. Lockwood."

Under Lloyds Casualty Co. of New York v. Grilliett, Tex.Civ.App., 64 S.W.2d 1005, writ refused, it seems unnecessary to define the term "permanent"; in any event, no reversible error is shown.

■ The court submitted to the jury special issue No. 1, as follows: "Do you find from a preponderance of the evidence that the plaintiff, George W. Lockwood, sustained an accidental personal injury to his head, alleged in his petition, on or about December 1, 1937?"

In his petition plaintiff went largely into detail in alleging the facts constituting the injury he sustained to his head and its effects, and offered sufficient evidence to justify its submission to the jury. Objection is made to the submission of the issue that it delegates to the jury the right to construe the petition and to take into consideration plaintiff's pleading which was not in evidence. We think the reference to the

594

petition confined the consideration of the jury to the identical facts alleged and upon which proof was offered. The jury had heard the petition read and the evidence offered, and evidently the argument of counsel on the application of the evidence to the facts at issue.

It may be the courts are not uniform in passing upon the question whether it was proper in the charge to refer the jury to the pleading to ascertain the injuries the jury were to consider. In Standard Accident Ins. Co. v. Cherry, Tex.Civ.App., 36 S.W. 2d 807, the Texarkana Court refers to several cases as holding it improper to make such reference. The charge in the instant case did not refer the jury to the pleading from which the jury could ascertain what injuries they were to consider, but to find whether the plaintiff did sustain the accidental injury alleged.

We have carefully reviewed the cases referred to and others. We have not found the rule to be unqualifiedly established that it is reversible error in determining whether the plaintiff was injured as alleged to refer the jury to the petition. In Farmers' & Mechanics' National Bank v. Marshall, Tex.Civ.App., 4 S.W.2d 165, 167, the charge given was: "Do you find from the evidence that the plaintiff was injured as alleged in plaintiff's petition on the occasion in question?" The objections made were, the charge was on the weight of the evidence, and was leading and suggestive. The court overruled the objections and affirmed the case. It would not be proper to refer the jury to the pleadings of a party to ascertain the matters of fact to be decided, or where some of the matters pleaded are not supported by evidence. Hewitt v. Buchanan, Tex.Civ.App., 4 S.W.2d 169, and similar cases. Where the fact of the injuries as to a definite specific part of the body, as the head, is alleged, and the injuries as alleged each has sufficient proof to justify its submission to the jury, it is not reversible error, we think, to indicate to the jury the injuries to be considered by a reference to the pleading. National Indemnity Underwriters v. Blevins, Tex. Civ.App., 129 S.W.2d 734; Texas Employers Ins. Ass'n v. Hamor, Tex.Civ.App., 97 S.W.2d 1041.

The court submitted to the jury: "How many weeks, if any, do you find from a preponderance of the evidence that the total incapacity, if any, of the plaintiff, George W. Lockwood, continued, if it did,

or will continue, if it will, from the date of the injury, if any, was sustained?"

 Defendant objected to its submission on the ground of its being multifarious and duplicitous, but defendant did not prepare and submit to the court a specially requested issue submitting its defensive issue of temporary total incapacity. In his counter proposition plaintiff submits that the objection is waived. We think the objection is waived. Traders & General Insurance Co. v. Herndon, Tex. Civ.App., 95 S.W.2d 540; Traders & General Insurance Co. v. Snow, Tex.Civ.App., 114 S.W.2d 682.

Points not discussed have been considered and are overruled.

We have found no reversible error and the case is affirmed.