*Court of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*





# MEMORANDUM OPINION

No. 04-11-00103-CV

**IN THE GUARDIANSHIP OF** Billie Ray **HOOD**, an Incapacitated Person

From the Probate Court No. 2, Bexar County, Texas
Trial Court No. 2009-PC-3604
Honorable Tom Rickhoff, Judge Presiding

Opinion by:    Catherine Stone, Chief Justice

Sitting:    Catherine Stone, Chief Justice
            Karen Angelini, Justice
            Rebecca Simmons, Justice

Delivered and Filed: February 15, 2012

REVERSED IN PART AND REMANDED; AFFIRMED IN PART

Debra Ann Catalani was appointed as the permanent guardian of the person and estate of her mother, Billie Ray Hood, who suffers from Alzheimer's disease. Billie's husband of more than thirty years, Jack Hood, appeals the probate court's order partitioning Billie and Jack's property and the order sanctioning Jack's attorney. We reverse the trial court's partition order and remand the cause to the trial court for further proceedings consistent with the procedures outlined in section 883 of the Texas Probate Code. Because the sanctions were paid without any reservation of rights, the issue pertaining to the sanctions is moot, and we affirm the order awarding sanctions.

**BACKGROUND**

In December of 2009, Jack applied to become guardian of Billie's person and estate. Debra, Billie's adult daughter from a prior marriage, also filed an application and an opposition to Jack's appointment. In January of 2010, the probate court appointed Debra as guardian. Debra, Billie, and Jack resided together in Billie and Jack's home during the week, and there were numerous conflicts. In March of 2010, Debra filed a motion to compel an accounting and requesting a partition. After a series of hearings, the probate court signed a partition order, basing the partition on the asset values provided in Debra's motion. No evidence was introduced during the hearing.

**PARTITION ORDER**

In his sixth issue, Jack contends the probate court was without authority to partition the community property of Jack and Billie while they are still married. Jack cites *Mahoney v. Snyder*, as support for his contention. 93 S.W.2d 1219, 1221 (Tex. Civ. App.—Amarillo 1936, no writ) ("there can be no partition of the community estate between the parties so long as the marriage status continues."). Debra responds that the probate court's *in rem* jurisdiction authorized it to partition the community estate in order to permit the guardian to administer the ward's estate and to provide for the ward. Debra cites section 729 of the Probate Code, which requires an inventory prepared by a guardian to specify whether property is separate or community; section 768, which gives a guardian possession and management of all of the ward's property; and section 772, which requires a guardian to use ordinary diligence to recover possession of all of the ward's property. TEX. PROB. CODE ANN. §§ 729, 768, 772 (West 2003 & Supp. 2010).

**1.** ***Invited Error Doctrine***

Spouses are permitted to partition property between themselves by written agreement signed by the parties. TEX. CONST. art. XVI, §15; TEX. FAM. CODE ANN. § 4.104 (West 2006). Debra argues the partition order in this case should be affirmed based on the "invited error" doctrine because Jack agreed to the partition. "The invited error doctrine applies in situations where a party requests the court to make a specific ruling, then complains of that ruling on appeal." *See In re Dept. of Fam. & Protective Servs.*, 273 S.W.3d 637, 646 (Tex. 2009). Although the record establishes that Jack did not oppose a partition, the record also clearly establishes that Jack repeatedly objected to the trial court's partitioning of the property in the manner proposed by Debra and adopted by the trial court. Jack's attorney emphasized the evidence was insufficient to support Debra's proposal, and financial records necessary to calculate a true account of the parties' assets were missing. Accordingly, the parties did not reach an agreement on the terms of the partition, and, based on the objections raised by Jack's attorney, the trial court's order cannot be upheld under the doctrine of "invited error."

**2.** ***Texas Probate Code Section 883***

Subpart C of Part 5 of the Probate Code is entitled "Incapacitated Spouse and Community Property," and section 883 governs the management of community property when one spouse is incapacitated. *Id*. at § 883. Section 883 provides that, in general, when one spouse is incapacitated, the other spouse, "in the capacity of surviving partner of the marital partnership, acquires full power to manage, control, and dispose of the entire community estate as community administrator." *Id*. at § 883(a). Section 883 further provides:

> If a spouse who is not incapacitated is removed as community administrator or if the court finds that the spouse who is not incapacitated would be disqualified to serve as guardian under Section 681 of [the] code or is not suitable to serve as community administrator for any other reason, the court . . . after taking into

consideration the financial circumstances of the spouses and any other relevant factors, may order the spouse who is not incapacitated to deliver to the guardian of the estate of the incapacitated spouse a portion, not to exceed one-half, of the community property that is subject to the spouse's joint management, control, and disposition under Section 3.102, Family Code.

*Id*. at § 883(c)(2). If the court enters such an order, the guardian thereafter controls and administers:

(1) the incapacitated spouse's separate property;

(2) the community property subject to the incapacitated spouse's sole management, control, and disposition under section 3.102;

(3) the community property subject to joint management and control delivered to the guardian under section 883(c)(2); and

(4) any income on the property the guardian controls and administers.

*Id*. at § 883(c)(3). The spouse who is not incapacitated continues to control and administer:

(1) his/her separate property;

(2) community property subject to his/her sole management and control under Section 3.102;

(3) the community property subject to joint management and control not delivered to the guardian of the incapacitated spouse; and

(4) income earned on the property he/she controls and administers.

*Id*. at § 883(d). The duties and obligations between spouses, including the duty to support the other spouse, are not affected by the manner in which the community property is administered under section 883. *Id*. at § 883(e). Moreover, the delivery of community property for administration under section 883 "does not partition the community property between an incapacitated spouse and a spouse who is not incapacitated." *Id*. at § 883(f).

Incredibly, section 883 was not raised in the trial court by the parties or by the trial judge. Nonetheless, section 883 expressly provides the manner in which community property is to be

administered when a spouse is incapacitated; therefore, the trial court's order "partitioning" the community property in the absence of an agreement and contrary to section 883 was erroneous. Even if the order is construed as delivering only a portion of the community property to the guardian for administration, no evidence was presented to establish what community property was subject to joint management and control and properly deliverable, as opposed to sole management and control and not properly deliverable. *See* TEX. FAM. CODE ANN. § 3.102 (West 2006) (distinguishing between community property subject to sole and joint management). Accordingly, the trial court's partition order is reversed.

### DISCOVERY SANCTIONS

In his fifth issue, Jack challenges the probate court's July 9, 2010 sanction order, asserting the discovery he propounded was relevant to the pending partition motion. Because the record contains evidence that the sanctions were paid without any reservation of rights, the issue pertaining to the sanctions is moot. *See Highland Church of Christ v. Powell*, 640 S.W.2d 235, 236 (Tex. 1982) (voluntary payment of judgment renders appeal of judgment moot); *Thompson v. Ricardo*, 269 S.W.3d 100, 104 (Tex. App.—Houston [14th Dist.] 2008, no pet.) (completion of actions specified in trial court's sanctions order renders appeal of sanctions moot); *Barrera v. State*, 130 S.W.3d 253, 260 (Tex. App.—Houston [14th Dist.] 2004, no pet.) (payment of sanctions renders appeal of sanctions moot).

### CONCLUSION

The probate court's order partitioning the parties' property is reversed, and the cause is remanded to the probate court for further proceedings consistent with section 883 of the Texas Probate Code. The probate court's order awarding sanctions is affirmed.

Catherine Stone, Chief Justice